hPER CURIAM. *
Granted. Relator’s sentence is vacated, and this ease is remanded to the district court for resentencing with relator represented by conflict-free counsel. To the extent that counsel raised the possibility of a conflict of interest before sentencing, prejudice must be presumed unless the record reveals that the court took adequate steps to assure itself that the asserted conflict appeared too remote to affect the adequacy of counsel’s representation for Sixth Amendment purposes. Holloway v. Arkansas, 435 U.S. 475, 484, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978); Hamilton v. Ford, 969 F.2d 1006, 1011 (11th Cir.1992) (“[W]hen defendants make timely objections to joint representation, they need not show an actual conflict of interest when a trial court fails to inquire adequately into the basis of the objection. In such circumstances the trial court has failed to discharge its constitutional duty under Holloway to determine whether the defendants are receiving adequate assistance of counsel ... [and] [Reversal is automatic.”). The present record fails to negate the reasonable possibility that counsel may have refrained from ^pressing to the fullest extent of his abilities relator’s cooperation with the police as a sentencing consideration out of fear of prejudicing the interests of another client in a similar case. See Holloway, 435 U.S. at 490, 98 S.Ct. at 1182 (“[I]n a case of joint representation of conflicting interests the evil — it bears repeating — is in what the advocate finds himself compelled to refrain from doing, not only at trial but also as to possible pretrial plea negotiations and in the sentencing process.”) (emphasis in original).
TRAYLOR and KNOLL, JJ., vote to deny the application.

 Marcus, J., not on panel. See Rule IV, Part II, Sec. 3.